IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

STANLEY BROSNICK, )
)
        Plaintiff, )
)
v. )
) Civil Action No. 06-1330
MICHAEL J. ASTRUE,[1] )
COMMISSIONER OF )
SOCIAL SECURITY, )
)
        Defendant. )

## MEMORANDUM JUDGMENT ORDER

AND NOW, this 2nd day of January, 2008, upon due consideration of the parties' cross-motions for summary judgment pursuant to plaintiff's request for review of the decision of the Commissioner of Social Security ("Commissioner") denying his application for supplemental security income ("SSI") under Title XVI of the Social Security Act ("Act"), IT IS ORDERED that the Commissioner's motion for summary judgment (Document No. 10) be, and the same hereby is, granted and plaintiff's motion for summary judgment (Document No. 6) be, and the same hereby is, denied.

As the factfinder, an Administrative Law Judge ("ALJ") has an obligation to weigh all of the facts and evidence of record and may reject or discount any evidence if the ALJ explains the reasons for doing so. Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999). Where the ALJ's findings of fact are supported by

---

[1]Michael J. Astrue was sworn in as the Commissioner of Social Security on February 12, 2007, succeeding JoAnne B. Barnhart.

substantial evidence, a reviewing court is bound by those findings, even if it would have decided the factual inquiry differently. Farqnoli v. Massanari, 247 F.3d 34, 38 (3d Cir. 2001). Moreover, it is well settled that disability is not determined merely by the presence of impairments, but by the effect that those impairments have upon an individual's ability to perform substantial gainful activity. Jones v. Sullivan, 954 F.2d 125, 129 (3d Cir. 1991). These well-established principles preclude a reversal or remand of the ALJ's decision here because the record contains substantial evidence to support the ALJ's findings and conclusions.

Plaintiff filed his application for SSI on August 4, 2004, alleging disability beginning September 22, 1994, due to depression and anxiety. Plaintiff's application was denied. At plaintiff's request, an ALJ held a hearing on January 5, 2006, at which plaintiff appeared represented by counsel. On April 21, 2006, the ALJ issued a decision finding that plaintiff is not disabled. The Appeals Council denied plaintiff's request for review on August 9, 2006, making the ALJ's decision the final decision of the Commissioner. The instant action followed.

Plaintiff was 33 years old at the time of the ALJ's decision and is classified as a younger individual under the regulations. 20 C.F.R. §416.963(c). Plaintiff has a high school education, and he has no past relevant work experience. He has not engaged in substantial gainful activity at any time relevant to this case.

After reviewing plaintiff's medical records and hearing

testimony from plaintiff and a vocational expert at the hearing, the ALJ concluded that plaintiff is not disabled within the meaning of the Act. Although the medical evidence established that plaintiff suffers from the severe impairments of depressive disorder, personality disorder and a past history of polysubstance abuse and dependence, the ALJ found that those impairments, alone or in combination, do not meet or equal the criteria of any of the listed impairments set forth in Appendix 1 of 20 C.F.R., Subpart P, Regulation No. 4 ("Appendix 1").

The ALJ found that plaintiff retains the residual functional capacity to perform work at any exertional level with a number of non-exertional limitations. Plaintiff is limited to simple, routine, repetitive job tasks and no more than occasional interaction with supervisors, co-workers and the general public. In addition, plaintiff requires work that does not involve exposure to the stress associated with a production or quota-based environment. Finally, plaintiff is limited to work that involves no more than simple work-related decisions and relatively few work place changes (collectively, the "RFC Finding"). Based upon the vocational expert's testimony, the ALJ concluded that plaintiff's age, educational background and residual functional capacity enable him to make a vocational adjustment to work that exists in significant numbers in the national economy, such as a laundry laborer, custodial position/floor buffer or warehouse worker. Accordingly, the ALJ found that plaintiff is not disabled within the meaning of the Act.

AO 72
(Rev. 8/82)

The Act defines "disability" as the inability to engage in substantial gainful activity by reason of a physical or mental impairment which can be expected to last for a continuous period of at least twelve months. 42 U.S.C. §1382c(a)(3)(A). The impairment or impairments must be so severe that the claimant "is not only unable to do his previous work but cannot, considering his age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy ...." 42 U.S.C. §1382c(a)(3)(B).

To regularize the adjudicative process, the Commissioner has promulgated regulations that govern the evaluation of disability. 20 C.F.R. §§416.901-.998. The process is sequential and follows a "set order" of inquiries. 20 C.F.R. §416.920(a)(4). The ALJ must determine in sequence: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether he has a severe impairment; (3) if so, whether his impairment meets or equals the criteria listed in Appendix 1; (4) if not, whether the claimant's impairment prevents him from performing his past relevant work; and (5) if so, whether the claimant can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. Id.; see also Sykes v. Apfel, 228 F.3d 259, 262-63 (3d Cir. 2000). If the claimant is found disabled or not disabled at any step, further inquiry is unnecessary. 20 C.F.R. §416.920(a)(4); see Santise v. Schweiker, 676 F.2d 925, 927 (3d Cir. 1982).

In this case, plaintiff challenges the ALJ's findings at step

5 of the sequential evaluation process. At step 5, the Commissioner must show that there are other jobs that exist in significant numbers in the national economy which the claimant can perform consistent with his age, education, past work experience and residual functional capacity. 20 C.F.R. §416.920(g)(1). Residual functional capacity is defined as that which an individual still is able to do despite the limitations caused by his impairments. 20 C.F.R. §416.945(a)(1); Fargnoli, 247 F.3d at 40. In assessing a claimant's residual functional capacity, the ALJ is required to consider the claimant's ability to meet certain demands of jobs, such as physical demands, mental demands, sensory requirements and other functions. 20 C.F.R. §416.945(a)(4).

Here, plaintiff challenges the ALJ's step 5 finding on the basis that he disregarded certain medical evidence. Specifically, plaintiff alleges that the ALJ failed to discuss that plaintiff had Global Assessment of Functioning ("GAF")[2] scores ranging from 35 to 50 and instead only addressed his GAF score of 60. According to plaintiff, his GAF scores indicate that his mental impairments are disabling. After reviewing the record in this case, the court finds that plaintiff's arguments lack merit.

As an initial matter, the court notes that a claimant's GAF score is not determinative of disability. See Howard v. Commissioner of Social Security, 276 F.3d 235, 241 (6th Cir. 2002)

---

[2]GAF measures the psychological, social, and occupational functioning levels of an individual. See American Psychiatric Ass'n, Diagnostic and Statistical Manual of Mental Disorders 32 (4th ed. 1994).

("[w]hile a GAF score may be of considerable help to the ALJ in formulating the RFC, it is not essential to the RFC's accuracy. Thus, the ALJ's failure to reference the GAF score in the RFC, standing alone, does not make the RFC inaccurate."); Wind v. Barnhart, 2005 WL 1317040, *6 n.5 (11th Cir. 2005) (noting that the Commissioner has declined to endorse the GAF scale for use in the Social Security and SSI disability programs). Despite the fact that one's GAF score alone is not controlling, the ALJ discussed all of plaintiff's GAF scores in his analysis. The ALJ noted plaintiff had a GAF score of 55 in September 2004, and a score of 60 in November 2004. (R. 16). With respect to the lower scores that plaintiff claims the ALJ failed to discuss, the ALJ noted in his decision that plaintiff's GAF scores ranged from 35 to 45 in January, February and April 2005. (R. 17). Thus, plaintiff's argument that the ALJ disregarded certain lower scores is incorrect.

Plaintiff is also incorrect that his range of GAF scores indicates that his mental health impairments are disabling. As stated, plaintiff's GAF scores alone are not determinative of disability. In addition to considering plaintiff's variable GAF scores, the ALJ also assessed the totality of the evidence in this case. As the ALJ correctly observed, other than taking medication, plaintiff does not receive extensive treatment for his mental impairments, and Dr. Last reported that plaintiff had been stabilized on his medication since January 2005. (R. 18, 199). In addition, the ALJ also correctly noted that plaintiff is able

to engage in a broad range of activities of daily living, which contradict his claimed inability to work. (R. 18).

Further, the report by Dr. Berschling, who performed a consultative examination of plaintiff, does not indicate that plaintiff is precluded from working. Dr. Berschling authored a written report summarizing his evaluation of plaintiff, and he also completed an assessment form of plaintiff's capability to perform various work-related functions, such as understanding, remembering and carrying out work-related instructions, making work-related decisions, interacting appropriately with supervisors, co-workers and the public and responding to pressure and changes at work. (R. 171-77). Dr. Berschling indicated on the assessment form that plaintiff had moderate to marked limitations in these areas. (R. 176-77). Despite plaintiff's limitations, Dr. Berschling did not state in his written report or on the assessment form that plaintiff is unable to work. To the extent plaintiff is limited in performing various work-related functions as determined by Dr. Berschling, the ALJ fully accommodated plaintiff's limitations in making the detailed RFC Finding. For these reasons, as well as those stated above, the ALJ properly considered the evidence in this case, and he correctly concluded that plaintiff's mental impairments, while severe, are not disabling.

In sum, after carefully and methodically considering all of the medical evidence of record and plaintiff's testimony, the ALJ determined that plaintiff is not disabled within the meaning of

the Act. The ALJ's findings and conclusions are supported by substantial evidence and are not otherwise erroneous. Accordingly, the decision of the Commissioner must be affirmed.

/s/ Gustave Diamond
Gustave Diamond
United States District Judge


cc: Karl E. Osterhout, Esq.
    1789 South Braddock Avenue
    Suite 570
    Pittsburgh, PA 15218

    Jessica Smolar
    Assistant U.S. Attorney
    700 Grant Street
    Suite 4000
    Pittsburgh, PA 15219

AO 72
(Rev. 8/82)

- 8 -